IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GEORGE WILLIAM JOHNSON, JR.
a/k/a LARRY HARRIS,

    Plaintiff,

vs.   No. 05-2844-D/V

GEORGE LITTLE, et al.,

    Defendants.

ORDER TO COMPLY WITH PLRA
OR
PAY FULL $250 CIVIL FILING FEE

Plaintiff George William Johnson, Jr. a/k/a Larry Harris, RNI number 109,[1] who is currently an inmate at the Shelby County Detention Center[2] in Memphis, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 15, 2005.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[3] The

---

[1] The case caption lists additional a/k/a's as Terry Ward, John Doe, and Larry Crump. However, the docketing system in use by the Court is not equipped to handle more than one alias. As the plaintiff is apparently incarcerated under the name "Larry Harris," that is the a/k/a used in the case caption. In order to ensure the proper delivery of the plaintiff's mail, the Clerk is ORDERED to ensure that the mailing labels to the plaintiff include the name "Larry Harris."

[2] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[3] Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-29-05

statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

In order to take advantage of the installment procedures, a prisoner plaintiff must properly complete and submit to the district court, along with the complaint, either Form 4 of the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit that contains the same detailed information found in Form 4. McGore, 114 F.3d at 605. The prisoner must also submit a certified prison trust fund account statement, showing all activity in his account for the six months preceding the filing of the complaint, and specifically showing:

1) the average monthly deposits, and
2) the average monthly balance

for the six months prior to submission of the complaint, and

3) the account balance when the complaint was submitted.

In this case, although the plaintiff has filed an in forma pauperis affidavit, the section calling for the certification of the trust fund account officer has not been completed. Moreover, the copy of the inmate trust fund account statement submitted by the plaintiff is uncertified. Therefore, at the present time, plaintiff is not eligible to take advantage of the installment payment procedures of § 1915(b). Plaintiff is, however, liable for the full $250 filing fee, which accrued at the moment the complaint was filed. Accordingly,

2

plaintiff is hereby ORDERED to submit an <u>in forma pauperis</u> affidavit and a certified copy of his trust fund account statement or the full $250 civil filing fee to the following address within thirty (30) days after the entry of this order:

> Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

If plaintiff needs additional time to file the required documents, he may request one thirty-day extension of time from this Court. <u>McGore</u>, 114 F.3d at 605. If plaintiff fails to file the required documentation, the Court will assess the entire filing fee, without regard to the installment payment procedures, and will dismiss the action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. <u>McGore</u>, 114 F.3d at 605. If dismissed under these circumstances, the case will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status.

If plaintiff timely submits the proper documentation, and the Court finds that plaintiff is indeed indigent, then he may take advantage of the installment procedures of § 1915(b). In such case, plaintiff will be able to make an initial partial payment equal to 20% of the greater of the average monthly deposits to his trust account for the past six months or the average monthly balance in his account for the past six months. After collection of the initial partial filing fee, the remaining balance will be collected in monthly installments equal to 20% of the income credited to the plaintiff's account during the preceding months. These monthly payments, however, will be withdrawn only when plaintiff's account balance exceeds $10.

The Clerk is ORDERED to provide the plaintiff a copy of the prisoner _in_ _forma_ _pauperis_ affidavit form along with this order.

IT IS SO ORDERED this __28__ day of November, 2005.

_/s/ Bernice Bouie Donald_
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02844 was distributed by fax, mail, or direct printing on November 29, 2005 to the parties listed.

---

George William Johnson
R&I # 109
1045 Mullins Station Rd.
Memphis, TN 38134

Honorable Bernice Donald
US DISTRICT COURT